UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT BROWN O/K/A<br>FLOYD HAMILTON<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BOSTON, PETER O'MALLEY,<br>& DOES 1 THROUGH 10,<br>Defendants | Docket No.: 1:24-CV-12687-JEK |

**THE CITY OF BOSTON'S ANSWER TO THE PLAINTIFF'S COMPLAINT**

The City of Boston (the "City") hereby answers the Plaintiff's Complaint as follows:

**INTRODUCTION**

1. This paragraph contains an introductory statement of the Plaintiff's claims, to which no response is required. To the extent that a response is required, the City admits that the Plaintiff has made such claims in this Complaint, but denies any liability.

**PARTIES**

2. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. The City admits that it is and was, at all relevant times, a municipal entity under the laws of the Commonwealth of Massachusetts. The City admits that it was at one time the employer of Detective Peter J. O'Malley. The City is without knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph.

4. The City admits that it employed Detective Peter J. O'Malley as a police officer and detective. The City is without knowledge or information sufficient to form a belief as to whether it was his employer during all times considered relevant by the Plaintiff. The City admits that the Plaintiff has filed a lawsuit against Detective O'Malley in both his individual and official capacities.

5. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## **JURISDICTION AND VENUE**

6. This paragraph contains legal conclusions, legal arguments, and speculation that do not require a response. To the extent an answer is required, the allegations are denied.

7. This paragraph is a statement alleging jurisdiction which does not require a response from this Defendant.

8. This paragraph is a statement alleging jurisdiction which does not require a response from this Defendant.

9. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## **FACTS**

10. Admitted.

11. Admitted, upon information and belief.

12. Admitted, upon information and belief.

13. The City admits that Bienvenido "Benny" DeJesus was a witness at Mr. Hamilton's trial. The City denies that there was no evidence linking Mr. Hamilton to the murder or murder weapon. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

14. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

15. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

16. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

17. Admitted, upon information and belief.

18. This paragraph references written documents which speaks for themselves, and to which no response is required.

19. This paragraph references written documents which speaks for themselves, and to which no response is required. The City denies that it withheld any exculpatory material or evidence in Mr. Hamilton's case.

20. This paragraph references written documents which speaks for themselves, and to which no response is required.

21. The City denies that it withheld any exculpatory material or evidence in Mr. Hamilton's case.

22. This paragraph references a written document which speaks for itself, and to which no response is required.

23. This paragraph references a written document which speaks for itself, and to which no response is required.

24. Denied.

25. Denied.

26. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations that Mr. Hamilton maintained his innocence at all relevant times.

27. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. The City denies that there was no evidence linking Mr. Hamilton to the murder of Efrain DeJesus.

29. Denied.

30. Denied.

31. Denied.

32. The City admits that Mr. Hamilton gave a recorded, oral statement to detectives. That statement and the recording speak for themselves. The City denies that it failed to properly investigate the murder of Efrain DeJesus.

33. This paragraph contains generalized allegations against the City, and alleges no specific facts. As such, no response is required. To the extent that a response is necessary, the City denies the allegations in this paragraph.

34. The City cannot respond to the thoughts and mental impressions of "Residents of Boston." The City denies that it tolerated unconstitutional practices, and that it exhibited deliberate indifference to any improper investigative techniques or training. The

remaining allegations of this paragraph reference a New York Times opinion piece which speaks for itself.

35. This paragraph references a written order by the Supreme Judicial Court of Massachusetts, which speaks for itself, and to which no response is required.

36. This paragraph contains no specific allegations against the City of Boston, therefore no response is required. To the extent that a response is necessary, the City denies the allegations of this paragraph.

37. The paragraph references a written order from the United States District Court, to which no response is required. To the extent that a response is necessary, the City denies that it intentionally withheld exculpatory evidence.

38. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, the City denies the allegations.

39. This paragraph references written documents and court proceedings which speak for themselves. The City denies that it withheld exculpatory evidence and knowingly permitted witnesses to commit perjury.

40. The City admits that a special commission produced the "St. Clair Report." The St. Clair Report is a written document which speaks for itself. To the extent that a response is necessary, the City denies that it was deliberately indifferent to any misconduct by its officers and detectives.

41. This paragraph references a written document which speaks for itself, and to which no response is required. To the extent a response is necessary, the City denies the allegations of this paragraph, and denies that its training was inadequate.

42. This paragraph references a written document which speaks for itself, and to which no response is required. To the extent a response is necessary, the City denies the allegations of this paragraph, and denies that its training was inadequate.

43. This paragraph references a written document which speaks for itself, and to which no response is required. To the extent a response is necessary, the City denies the allegations of this paragraph, and denies that its training was inadequate.

44. This paragraph references a written document which speaks for itself, and to which no response is required. To the extent a response is necessary, the City denies the allegations of this paragraph, and denies that its training was inadequate.

45. This paragraph references a written document which speaks for itself, and to which no response is required. To the extent a response is necessary, the City denies the allegations of this paragraph.

46. This paragraph references a written document which speaks for itself, and to which no response is required. To the extent a response is necessary, the City denies the allegations of this paragraph.

47. This paragraph references a written document which speaks for itself, and to which no response is required. To the extent a response is necessary, the City denies the allegations of this paragraph.

48. This paragraph references a written document which speaks for itself, and to which no response is required. To the extent a response is necessary, the City denies the allegations of this paragraph.

49. This paragraph references a written document which speaks for itself, and to which no response is required. To the extent a response is necessary, the City denies the allegations of this paragraph.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## CLAIMS

### Count One
### Violation of 42 U.S.C. 1983
**(Against the City of Boston)**

56. The City restates and incorporates by reference its answers to the allegations of all foregoing paragraphs as if set forth fully herein.[1]

57. This paragraph contains legal conclusions, legal arguments, and speculation that do not require a response. To the extent that a response is necessary, the allegations are denied.

58. The City admits that the Boston Police Department was responsible for the training, supervisions, and disciple of Boston Police Officers.

59. The City admits that it maintained rules and procedures governing some or all of the topics identified in this paragraph.

---

[1] Although the Plaintiff attempts to adopt by reference pleadings filed in a wholly separate legal action (1:24-CV-10980), the City respectfully states that such reference is inappropriate and not permitted. See Aronson v. Advanced Cell Tech., Inc., 972 F. Supp. 2d 123, 136 (D. Mass. 2013) (Gorton, J.).

60. The paragraph contains legal conclusions, legal arguments, and speculation that do not require a response. To the extent that a response is necessary, the allegations are denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## Count Two
### Violation of 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments
(Against Peter J. O'Malley and Does 1-10)

65. The City restates and incorporates by reference its answers to the allegations of all foregoing paragraphs as if set forth fully herein.

66. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

67. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

68. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

69. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

70. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

71. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

**Count Three**
**Violation of 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments**
**(Against Defendant Does 1-10)**

72. The City restates and incorporates by reference its answers to the allegations of all foregoing paragraphs as if set forth fully herein.

73. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

74. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

75. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

**Count Four**
**Violation of 42 U.S.C. 1983: Civil Rights Conspiracy**
(Against Peter J. O'Malley and Does 1-10)

76. The City restates and incorporates by reference its answers to the allegations of all foregoing paragraphs as if set forth fully herein.

77. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

78. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

79. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

**Count Five**
**State-Law Claim of Negligent Hiring, Training and Supervision**
(Against the City of Boston)

80. The City restates and incorporates by reference its answers to the allegations of all foregoing paragraphs as if set forth fully herein.

81. This paragraph contains legal conclusions, legal arguments, and speculation that do not require a response. To the extent that a response is necessary, the allegations are denied.

82. The City admits that Detective Peter J. O'Malley was at one time an employee of the City of Boston. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

83. This paragraph contains legal conclusions, legal arguments, and speculation that do not require a response. To the extent that a response is necessary, the allegations are denied.

84. Denied.

85. Denied.

**Count Six**
**State-Law Claim of Civil Conspiracy**
**(Against Peter J. O'Malley and Does 1-10)**

86. The City restates and incorporates by reference its answers to the allegations of all foregoing paragraphs as if set forth fully herein.

87. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

88. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

89. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

90. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

### Count Seven
### State-Law Claim of Intentional Infliction of Emotional Distress
### (Against Peter J. O'Malley and Does 1-10)

91. The City restates and incorporates by reference its answers to the allegations of all foregoing paragraphs as if set forth fully herein.

92. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

93. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

94. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

### Count Eight
### State-Law Claim of Negligent Infliction of Emotional Distress
### (Against Peter J. O'Malley and Does 1-10)

95. The City restates and incorporates by reference its answers to the allegations of all foregoing paragraphs as if set forth fully herein.

96. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

97. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

98. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

99. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

100. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

101. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

**Count Nine**
**State-Law Claim of Malicious Prosecution**
**(Against Peter J. O'Malley and Does 1-10)**

102. The City restates and incorporates by reference its answers to the allegations of all foregoing paragraphs as if set forth fully herein.

103. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

104. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

105. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

106. The allegations contained in this paragraph are directed at a party other than the City, and to which the City cannot provide a response. To the extent that a response is required, the allegations are denied.

## Count Ten
## State-Law Claim of *Respondeat Superior*
### (Against the City of Boston)

107. The City restates and incorporates by reference its answers to the allegations of all foregoing paragraphs as if set forth fully herein.

108. Count Ten has been dismissed pursuant to the Court's August 21, 2025 Order (ECF No.13). Therefore, no response to this paragraph is required.

109. The City restates and incorporates by reference its answers to the allegations of all foregoing paragraphs as if set forth fully herein

110. The City restates and incorporates by reference its answers to the allegations of all foregoing paragraphs as if set forth fully herein

## PRAYER FOR RELIEF

WHEREFORE, Defendant City of Boston respectfully requests that this action be dismissed, and that judgment enter in its favor together with costs.

**AFFIRMATIVE DEFENSES**

Further answering, the City asserts the following affirmative defenses:

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The City, at all times, acted in good faith and upon reasonable belief that its actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### Third Affirmative Defense

Plaintiff's Complaint fails to state a federal civil rights claim against the City under the doctrine announced in <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).

### Fourth Affirmative Defense

Plaintiff's Complaint fails because the City did not maintain a well-settled municipal practice whose implementation was deliberately indifferent to the constitutional rights of Plaintiff.

### Fifth Affirmative Defense

Plaintiff's Complaint fails because the Boston Police Department did not maintain an unconstitutional policy or custom.

### Sixth Affirmative Defense

Plaintiff's Complaint fails because no decision or action by an official vested with policy making authority was deliberately indifferent to the constitutional rights of Plaintiff.

### Seventh Affirmative Defense

The City is a municipal corporation and its liability, if any, is limited by statute.

### Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of sovereign immunity.

### Ninth Affirmative Defense

Plaintiff's injuries and/or damages, if any, were caused by Plaintiff's own negligent or intentional conduct and/or by the conduct of others, not by the conduct of any City employee.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitation.

### Eleventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Twelfth Affirmative Defense

Plaintiff's claims are barred because his alleged presentment was not proper under M.G.L. c. 258, the Massachusetts Tort Claims Act.

### Thirteenth Affirmative Defense

If Plaintiff suffered damages, which is denied, his damages were caused by third parties over whom this Defendant had no control and for whom this Defendant was not responsible.

### Fourteenth Affirmative Defense

To the extent the Plaintiff failed to file within the statute of limitations, his claim is barred.

### Fifteenth Affirmative Defense

The City reserves the right to amend its answer and assert such other and further defenses as may become available or apparent during pretrial proceedings in this litigation and to rely on affirmative defenses asserted by other parties to this litigation.

## **JURY DEMAND**

**THE CITY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Date: September 9, 2025                     Respectfully submitted,
                                            **THE CITY OF BOSTON**

                                            By its attorneys:
                                            ADAM CEDERBAUM
                                            Corporation Counsel


                                            */s/ Adam D. Johnson*
                                            Adam Johnson (BBO#679142)
                                            Senior Assistant Corporation Counsel
                                            Nicole Gemba (BBO# 707216)
                                            Assistant Corporation Counsel
                                            City of Boston Law Department
                                            City Hall, Room 615
                                            Boston, MA 02201
                                            (617) 635-4097 (ADJ)
                                            (617) 635-4084 (NEG)
                                            Adam.Johnson@boston.gov
                                            Nicole.Gemba@boston.gov


## Certificate of Service

I, Adam Johnson, hereby certify that on September 9, 2025, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by first class mail to all non-registered participants.


                                            */s/ Adam D. Johnson*
                                            Adam Johnson